May Term,
1859.

Johnson
v.
Cox.

(1) *Ante,* 276.

---

JOHNSON, Executor, *v.* COX.

Thursday,
June 2.

APPEAL from the *Warren* Court of Common Pleas.

PERKINS, J.—*Cox* filed a claim against the estate of *Thomas Johnson,* deceased. It was not admitted, and was placed upon the issue docket. *James Johnson,* the executor of the last will of *Thomas,* appeared as defendant. He filed an offset, &c.

There was a trial. The Court granted a new trial upon an affidavit of surprise at the testimony of a witness, newly discovered evidence, &c.

The new trial was had. *Cox* obtained a verdict and judgment.

*Johnson* appeals. The evidence is upon the record. We cannot say it does not sustain the verdict and judgment.

It is urged that the Court erred in granting the new

trial. The Supreme Court will not reverse a judgment May Term, because a new trial was granted, except in a very plain 1859. case of error. Ind. Dig. p. 418.

The Court refused to permit the defendant to testify as a witness on his own motion. This was not error.

The Court suppressed three answers of *Deborah Johnson*, the widow of *Thomas*, deceased. See *Jack* v. *Russey*, 8 Ind. R. 180. Besides, it does not appear that the suppressed answers could have materially influenced the verdict.

The Court refused to permit one *Stufflebeam* to be impeached by contradiction. It does not appear that a foundation for such impeachment was laid. We see no error that should reverse the judgment.

The judgment is affirmed with 5 per cent. damages and costs.

*R. A. Chandler*, for the appellant.

*B. F. Gregory* and *J. Harper*, for the appellee.

